IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Charles McDaniel, | ) | |
| | ) | No.: 9:16-0004-RMG |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Andrew Mansukhani, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 7), recommending that the Court recharacterize Petitioner's § 2241 petition as a § 2255 petition and transfer this case to the United States District Court for the Middle District of Florida for all further proceedings. For the reasons stated below, the Court **ADOPTS** the R & R.

In June of 2008, a federal grand jury in the United States District Court for the Middle District of Florida, Tampa Division, returned a one-count indictment charging Petitioner with possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Petitioner pled guilty pursuant to a written plea agreement, and on August 18, 2011, Petitioner was sentenced to 180 months' imprisonment, 60 months of supervised released, and a $100 mandatory special assessment.

Petitioner now argues that his sentencing enhancement under the Armed Career Criminals Act is unconstitutional and must be vacated in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Dkt. No. 1). He challenges his sentencing enhancement with a habeas petition file pursuant to 28 U.S.C. § 2241. Petitioner cannot challenge his federal conviction under § 2241 unless he can satisfy § 2255's savings clause. *See* § 2255(e).

1

As the Magistrate Judge ably noted, there is no plausible allegation that the petition satisfies the savings clause. (Dkt. No. 7 at 4). This defect would generally result in a dismissal without prejudice. But due to Petitioner's pro se status and the potential that the Anti-Terrorism and Effective Death Penalty Act of 1996's one-year statute of limitations may be an issue, the Court **ADOPTS** the Magistrate Judge's recommendation to recharacterize this petition as a § 2255 petition and transfer the case to the Middle District of Florida, Petitioner's sentencing court. *See Shaw v. United States*, 417 F. App'x 311, 312 (4th Cir. 2011) (finding that instead of dismissing the § 2241 petition, the interest of justice required the district court to transfer it to the sentencing court because if a petitioner were to file a new § 2255 motion in that district the claims would likely be time-barred).[1]

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

May __, 2016
Charleston, South Carolina

---

[1] With the assistance of a public defender, Petitioner sent a letter agreeing with this Court's recommendation to recharacterize the petition and transfer of his case to the United States District Court for the Middle District of Florida. (Dkt. No. 11). Petitioner also requested that counsel be appointed to him in that Court. The Court **DENIES** Petitioner's request to appoint counsel and advises Petitioner that he may renew the motion again with the District Court for the Middle District of Florida.

2